**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSE POLANCO PENALVER,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-169-KC** |
| | § | |
| **PAM BONDI et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER TRANSFERRING CASE

On this day, the Court considered Jose Polanco Penalver's Petition for a Writ of Habeas Corpus, ECF No. 3. Polanco Penalver had previously filed a habeas petition with the Middle District of Georgia, Cause No. 4:25-cv-00457-CDL-AGH, which remains pending. Thus, the Court ordered Respondents to inform the Court how they intended to proceed in the two cases and their position as to the jurisdiction of each court over Penalver's habeas petition. Feb. 11, 2026, Order, ECF No. 2.

On February 12, 2026, Respondents filed a Second Response, ECF No. 12. Respondents stated that they do not contest this Court's jurisdiction over the Petition because, despite his subsequent transfer to Louisiana, Polanco Penalver was in custody in the Western District of Texas when he filed the Petition. *Id.* at 9. Instead, they argued that the Court should dismiss the Petition as wholly duplicative of the petition currently pending in the Georgia Court. *Id.* at 10–11. And alternatively, the Court should dismiss the Petition because 'Penalver is scheduled to be removed to Cuba on or before March 15, 2026" and thus "there is a significant likelihood of [his] removal in the reasonably foreseeable future." *Id.* at 11.

The Court thus took the matter under advisement "[b]ecause Polanco Penalver's removal from the United States would moot this Petition and eliminate the need to determine whether to proceed with this case in light of the other pending habeas petition in Georgia."  Feb. 13, 2026, Order 1, ECF No. 13.

Respondents have now informed the Court that Polanco Penalver has not been removed to Cuba because "Cuba declin[ed] [his] repatriation."  Advisory 1, ECF No. 18.  And that Respondents will attempt to remove him to Mexico, or an alternative third country.  *Id.*  Because Polanco Penalver's removal no longer appears imminent, the Court must determine whether to proceed with this case.

A federal district court may decline to hear a case which substantially overlaps with a case in another federal district court under the first-to-file rule.  *Int'l Fidelity Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 677–78 (5th Cir. 2011).  This rule is rooted in the principle of comity that federal district courts should "exercise care to avoid interference with each other's affairs."  *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (quoting *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728–29 (5th Cir. 1985)).  So as "to avoid the waste of duplication, . . . rulings which may trench upon the authority of sister courts, and . . . piecemeal resolution of issued that call for a uniform result."  *Id.*  District courts thus have the authority to "dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court."  *Id.*  However, "[t]he Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issued should proceed."  *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999) (citation omitted).  Thus,

"the proper course of action [is] for the court to transfer the case" to the court in which suit was filed first. *Id.*

Polanco Penalver filed his habeas petition with the Middle District of Georgia on December 10, 2025, while detained in Georgia. Resp. 1, ECF No. 7; *id.* Ex. C ("Georgia Response") 1, 3, ECF No. 7-3. Thus, that court has jurisdiction over the original habeas petition and retained jurisdiction despite Polanco Penalver's subsequent transfer to El Paso, Texas, and then Louisianna. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) (citing *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir.1978)). And because Polanco Penalver's petition with that court has been fully briefed and is awaiting a ruling, this Petition is duplicative. 2d Resp. 11. Thus, the case should be transferred pursuant to the first-to-file rule. *See Cadle Co.*, 174 F.3d at 606.

Accordingly, the Clerk **SHALL TRANSFER** the case to the United States District Court for the Middle District of Georgia, Columbus Division, for adjudication.

After the case is transferred, **the Clerk shall close the case** in this Court.

**SO ORDERED**.

**SIGNED this 24th day of March, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3